IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALENCIA BROWDER, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 04-AR-3135-S |
| } | |
| SALLY BEAUTY COMPANY, INC., } | |
| } | |
| Defendant. } | |

## **MEMORANDUM OPINION AND ORDER**

The court has before it the motion by plaintiff, Valencia Browder ("Browder"), to compel defendant, Sally Beauty Company, Inc. ("Sally"), to produce documents and recordings claimed by Sally to be privileged work product, or, in the alternative, to strike Sally's *Faragher* defense. After *in camera* review of the materials, the court finds that the documents and recordings are protected by the work product privilege, but that the privilege is largely waived by defendant's assertion of the *Faragher* affirmative defense. Browder's motion is GRANTED to the extent that it seeks production of the materials on Sally's privilege log which the court has not redacted, but is DENIED to the extent that it seeks to strike Sally's *Faragher* defense.

### *Analysis*

Fed.R.Civ.Pro. 26 is the gateway through which all discoverable materials must pass. As a threshold matter, Rule 26 mandates that any evidence must be relevant to an issue in the case for it to be discoverable. The defendant has not objected to the

introduction of these documents and recordings on relevance grounds, and the court finds them to be relevant to material issues in the litigation.  However, Rule 26(a)(1) provides that all privileged materials are not discoverable, while 26(b)(3) specifically defines the work product privilege.  The application of Rule 26(b)(3) to the instant facts is the task presented to the court by plaintiff's motion.[1]

The work product privilege protects "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative." Fed.R.Civ.Pro. 26(b)(3).  The burden of proving the applicability of the work product privilege rests on the party asserting the privilege. *Freiermuth v. PPG Indus., Inc.*, 218 F.R.D. 694, 700 (N.D. Ala. 2003).  In the Eleventh Circuit, "anticipation of litigation" generally does not require that a lawsuit has been filed, only that "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *U.S. v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).  It follows that "[d]ocuments prepared in the regular course of business rather than for purposes of litigation, even if litigation is already a

---

[1] In its brief in response to Browder's motion, Sally does claim that some of the materials are protected by the attorney-client privilege in addition to the work product privilege.  Because (1) Sally's assertion of the *Faragher* defense waives the attorney-client privilege to the same extent that it waives the work product privilege, and (2) the only documents which the court finds, after *in camera* review, could arguably be classified as attorney-client privileged are already withheld, the court need not discuss the attorney-client privilege.

prospect, are not protected as privileged work product." *Sanders v. Alabama State Bar*, 161 F.R.D. 470, 473 (M.D. Ala. 1995) (citing 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2024 (1994)); *see also* 6-26 Moore's Federal Practice, Civil § 26.70 (2005).

The determinative issue, then, is what purpose primarily motivated Sally in investigating the events of March 8, 2004. The investigation was initiated as a routine investigation into an employee's complaint of discrimination. Sally's Employee Handbook states that such an investigation will ordinarily be conducted by the Vice President of Human Resources or his designee, and this is the course which the investigation originally followed. In the investigation's infancy, the parties do not dispute that it was a routine fact-finding mission pursuant to corporate policy, and was not "in anticipation of litigation."

Sally argues, however, that the situation escalated after Browder's statement to the Roebuck store manager that she would see Sally "in court."[2] The court agrees. The evidence in the record shows that Raul Roos, Sally's Vice President and General Counsel, assumed control of the investigation around March 15, 2004, after he learned that Browder had threatened legal action. Roos'

---

[2] As Sally astutely recognizes in its briefs on this motion, whether or not Browder actually made this statement is irrelevant. Raul Roos has testified that he believed that the statement was made, and that this belief motivated his commandeering of the investigation. Only Roos'--and thus Sally's--motivation is at issue.

3

intervention represents a sharp break with Sally's policy for conventional investigations, and is indicative of the new focus on litigation. In addition, Roos' sworn testimony is that he was motivated by the threat of Sally's involvement in both criminal and civil litigation arising out of the events of March 8, 2004. That the investigation continued to be carried out by individuals within the Human Resources department does not mean that it was not primarily motivated by the specter of litigation. That Chuck Engle, the Vice President of Human Resources, acknowledges "two investigations . . . one in regards to some criminal charges . . . and the other in regards to the internal complaint of discrimination" does not mean that both investigations were not directed by Roos as he swears in his affidavit. Even if Engle's description is accurate, it is impossible to untangle the motivations driving the parallel investigations. Under these circumstances, Sally has satisfied the court that the primary impetus behind the preparation of the materials produced to the court was the anticipation of litigation. As all the documents were generated after Roos began directing the investigation,[3] they are privileged work product, and are not discoverable unless Sally has waived its privilege by asserting the *Faragher* defense.

Sally's thirteenth affirmative defense claims that Sally

---

[3] Almost all of the documents are dated later than March 15, and those which are not refer to or use information from conversations which occurred after that day, and therefore must have been generated after Roos took over the investigation.

4

exercised reasonable care to prevent and correct any discrimination, and that Browder unreasonably failed to take advantage of those corrective opportunities, and invokes *Faragher v. City of Boca Raton*, 524 U.S. 778, 118 S. Ct. 2275 (1998). Although neither the parties nor the court has unearthed any binding precedent on this point of law, the court is persuaded by the reasoning employed by its brethren. One theme unifies the case law: the assertion of a *Faragher* defense waives, to some extent, the defendant's right to shield its internal investigative materials from production. *See, e.g.*, *Walker v. County of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005) ("Where a party puts the adequacy of its pre-litigation investigation at issue by asserting the investigation as a defense, the party must turn over documents related to that investigation, even if they would ordinarily be privileged."); *Volpe v. US Airways, Inc.*, 184 F.R.D. 672, 673 (M.D. Fla. 1998) ("[D]efendant has waived any applicable privilege by asserting that the investigation and subsequent remedial action insulates defendant from liability for the alleged sexual harassment."). Sally has injected this issue into the litigation, and may not hide behind the work product privilege to prevent production of materials relevant to the adequacy of its in-house investigation into the events of March 8, 2004, and their aftermath.

There is an additional layer to the analysis, however.

*Brownell v. Roadway Package System, Inc.*, 185 F.R.D. 19, 26 (N.D.N.Y. 1999), stands for the proposition that there are certain limited exceptions to the waiver to accommodate the categories of materials granted heightened protection by Rule 26. *See* Fed.R.Civ.Pro. 26(b)(3) ("In ordering discovery of such materials . . . the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."). Although the courts have not universally embraced such an exception, *see Volpe*, 184 F.R.D. at 973, it is consistent with the letter and spirit of the Federal Rules of Civil Procedure. Therefore, the court has reviewed the materials *in camera*, and has redacted the portions of the documentary evidence which are granted special protection by Rule 26(b)(3).[4] The entirety of the documents numbered 24 and 28 on Sally's privilege log are not discoverable as a result. The recordings are discoverable in their present form.

### *Conclusion*

In accordance with the foregoing, the court hereby GRANTS Browder's motion to the extent that it seeks to compel production of the documents and recordings currently in the court's

---

[4] It is not oversight that the court has ignored the Rule 26(b)(3) requirement of substantial need or hardship to obtain equivalent evidence. Because Sally has waived its right to assert the work product privilege, the documents are not work product by definition, and Browder is thus excused from the showing required for the production of work product.

possession.  The recordings are discoverable in their present condition, while the documentary evidence has been redacted appropriately by this court.  Copies of the redacted documents are available immediately in the court's chambers.  Sally is ORDERED to produce copies of the audio recordings to Browder's counsel of record no later than **4:30 p.m.** on **February 17, 2006.**

    DONE this 9th day of February, 2006

                                                 _____
                                                 WILLIAM M. ACKER, JR.
                                                 UNITED STATES DISTRICT JUDGE